# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 01-4305

PAULETTE SIMPSON PARKER,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
James H. Michael, Jr., Senior District Judge.
(CR-00-21)

Submitted: September 25, 2001

Decided: October 12, 2001

Before WILLIAMS, TRAXLER, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Joseph A. Sanzone, SANZONE & BAKER, Lynchburg, Virginia, for Appellant. Ruth E. Plagenhoef, United States Attorney, Ray B. Fitzgerald, Jr., Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Paulette Parker entered a guilty plea to conspiracy to distribute more than five grams of cocaine base (crack), 21 U.S.C. § 846 (1994), and was sentenced to the statutorily required minimum term of sixty months imprisonment. Parker appeals her sentence, arguing that the district court erred in refusing to consider the substantial assistance motion filed in her husband's case as equally applicable in her case. We affirm.

Parker and her husband, Jermaine, distributed crack to informants on multiple occasions. After they were arrested, Jermaine cooperated. At his sentencing, the government requested a downward departure for substantial assistance pursuant to *U.S. Sentencing Guidelines Manual* § 5K1.1, p.s. (2000) (authorizing a sentence below the guideline range), and 18 U.S.C.A. § 3553(e) (West 2000) (authorizing a departure below the mandatory minimum sentence). The government did not move for a departure in Parker's case because she provided no useful information and, although she was free on bond prior to sentencing, she did not attempt to cooperate or assist the government during that time. Parker argued that the § 5K1.1 motion filed in her husband's case should be considered in her case as well because (1) her case was so closely connected to her husband's case that a sort of marital privilege should apply, (2) she lacked the valuable information he possessed, and (3) she had encouraged him to cooperate.* The district court determined that Parker had no marital right to benefit from the § 5K1.1 motion filed in Jermaine's case and that it had no authority to inquire into the government's decision not to file a motion in her case because there was no evidence that the government's decision was based on an unconstitutional motive.

We find no error in the district court's decision. The appeals court lacks authority to review the district court's decision not to depart downward unless the court's decision is based on a mistaken belief that it lacks authority to depart. *United States v. Edwards*, 188 F.3d

---

*Parker's testimony at sentencing did not establish that her husband's cooperation was due solely to her influence.

230, 238-39 (4th Cir. 1999), *cert. denied*, 528 U.S. 1130 (2000). Parker does not contend that the district court failed to understand its authority to depart on the ground she urged, but that the district court *ought* to have the authority to depart based on her husband's cooperation and the § 5K1.1 motion filed in his case. We cannot so hold. When the government has not obligated itself to move for a substantial assistance departure, the district court may review the prosecutor's refusal to move for a departure only if the defendant makes a substantial threshold showing that the government's decision was based on an unconstitutional motive. *Wade v. United States*, 504 U.S. 181, 185-86 (1992); *see also United States v. LeRose*, 219 F.3d 335, 342 (4th Cir. 2000). Parker did not assert in the district court that the government had any unconstitutional motive for deciding not to move for a departure in her case, and she does not make that argument on appeal. The record contains no evidence that would support such a finding. Consequently, Parker has not shown that the district court erred in finding that she was not entitled to benefit from the motion filed in her husband's case.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*